IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LENORE KABASINSKAS, Personal Representative of the Estate of Frederic D. Kabasinskas,<br><br>          Plaintiff,<br><br>v.<br><br>WILLIAM R. HASKIN, individually, GEORGE W. WESLEY, II, individually, US XPRESS, INC., a Tennessee corporation, and US XPRESS LEASING INC., a Tennessee corporation,<br><br>          Defendants. | Case No. 8:10cv111<br><br><br>**PROTECTIVE ORDER** |

**WHEREAS** the parties to the above-captioned action (the "Action") believe that certain documents and information that are or may be sought by discovery in this action constitute confidential or proprietary information ("Confidential Discovery Materials"), and

**WHEREAS** the parties believe that it would facilitate discovery to produce such Confidential Discovery Materials under a protective order, **IT IS HEREBY STIPULATED AND AGREED**, that:

**SCOPE.**

      1.    This Order shall govern the production and disclosure by the parties of Confidential Discovery Materials produced in this action. This Order is made without prejudice to the parties' rights to stipulate to other terms of confidentiality regarding Confidential Discovery Materials produced or disclosed.

      2.    All Confidential Discovery Materials produced or disclosed shall be used solely for purposes of this Action and for no other purpose and shall not be used or

disclosed other than as provided herein.

3. The protections afforded by this Order shall in no way affect a party's right to withhold Confidential Discovery Materials as privileged under the attorney-client or other privilege, or as otherwise exempted from discovery pursuant to the laws of the United States and the State of Nebraska.

**DESIGNATION OF DOCUMENTS.**

4. Any party or non-party producing documents in this action which the producer reasonably believes in good faith to contain or disclose confidential information not readily known or available to the public (including but not limited to business forecasts or strategy, the confidential terms of contracts, trade secrets, proprietary business information or other commercially sensitive or valuable information of a non-public nature), may designate such documents as "Confidential" by stamping or otherwise identifying such Confidential Discovery Materials on the face of each such page as "Confidential". Information disclosed during a deposition or any exhibit thereto may be designated as "Confidential" by so indicating on the record at the deposition or by designating, within twenty (20) days of receipt of the transcript, the specific pages and lines of the transcript so designated.

5. Limitations under this Protective Order on the use or disclosure of Confidential Discovery Materials designated as "Confidential" shall apply to (a) all information, copies, extracts and complete or partial summaries prepared or derived from such Confidential Discovery Materials; (b) portions of deposition transcripts, answers to interrogatories, responses to requests for admissions, responses to requests for production, initial disclosures and exhibits thereto which directly refer or directly relate to

any such Confidential Discovery Materials, copies, extracts or summaries; and (c) portions of briefs, memoranda or any other writing filed with the Court and exhibits thereto which directly refer or directly relate to any such Confidential Discovery Materials, copies, extracts or summaries.

6.  Counsel for any party or witness may exclude from the room during a deposition, hearing or other proceeding, any person (other than the witness who is then testifying) who would not be entitled pursuant to paragraph 10 hereof to receive the Confidential Discovery Materials.

7.  This Stipulated Protective Order does not represent an agreement as to what documents are "Confidential", but, rather, is a mechanism by which a party can designate those materials it believes should be treated as "Confidential".

**INCONSISTENT DESIGNATIONS.**

8.  In the event a party produces two or more identical copies of a document and one such copy is designated with a lesser degree of confidentiality than any other copy, all such documents shall be treated in accordance with the most restrictive designation on any copy once the inconsistent designation is known.  The producing party shall be responsible for informing the party receiving the inconsistently designated copies; however, if any person subject to this Order receives such inconsistently designated copies, and has actual knowledge of the inconsistent designation, the person shall treat all copies in accordance with the most restrictive designation.

**INADVERTENT FAILURE TO DESIGNATE.**

9.     Inadvertent failure to designate materials as "Confidential" at the time of production may be remedied by supplemental written notice given by the producing party. Upon receipt of such notification, all Confidential Discovery Materials so designated or re-designated shall be fully subject to this Order as if it had been initially so designated; provided, however, that the receiving party shall incur no liability for any prior treatment of such information in conformance with its original designation.  The party receiving such notice shall make a reasonable good faith effort to insure that any analyses, memoranda, or notes which were internally generated based upon such information shall immediately be treated in conformance with any such designation or re-designation.  Notwithstanding the foregoing, no party may designate or re-designate materials under this Order later than 30 days after the materials were produced to an opposing party pursuant to this Order.

**CONFIDENTIAL DOCUMENTS/INFORMATION.**

10.     Before produced documents are copied or inspected, the producing party may stamp as "Confidential" any document which contain such sensitive information. Documents may also be designated as "Confidential" by written notice to opposing counsel which identifies the documents so designated.   Documents designated "Confidential," deposition testimony so designated, and information derived therefrom will be retained by counsel and will not be used for any purpose other than this litigation and will not be disclosed except pursuant to court order entered after notice, to anyone except:

a.     Counsel who have signed this Order approving it as to form and content; or law firms of counsel who have signed this Order; or retained outside counsel, in house counsel, law clerks, secretaries, clerical personnel or

4

       paralegals directly involved in the conduct of this litigation on behalf of counsel who have signed this Order;

b. Experts and consultants (together with their staff) retained by a party to this action or their counsel of record for purposes of assisting in the preparation or presentation of claims or defenses;

c. Any deposition or trial witness, during the course of deposition or trial testimony, when necessary to the testimony of such witness;

d. Any person who was involved in the preparation of the document and any person shown on the face of the document as having received it in the ordinary course of business;

e. The Court, Court personnel, court reporters and similar personnel;

f. The named parties to this case, and their current and former directors, officers, in-house counsel, and employees who (i) are actively engaged in assisting counsel with the prosecution or defense of this action, or (ii) are being advised by counsel regarding this action and the particular disclosure is reasonably necessary with regard to the legal advice being rendered.

g. Third-party vendors retained by the parties or their counsel who are involved in one or more aspects of copying, reproducing, coding, or storing Confidential Discovery Materials.

h. Any other person with the prior written consent of the party producing the document, pleading or deposition testimony.

**NON-DISCLOSURE AGREEMENTS.**

11. Prior to receiving or being shown such Confidential Discovery Materials, persons falling in the categories listed above in subparagraphs (b), (c), (d), (f), (g), and (h) shall be shown a copy of this Order, and shall sign an agreement in the form attached hereto as "Exhibit A" not to disclose or use the information except in accordance with the terms of this Order.

**DOCUMENTS ALREADY PRODUCED.**

12. Within ten days of the entry of this Order, parties may inform the party to whom documents have been produced that it considers certain documents already produced to be "Confidential" under this Order.

**THIRD PARTY WITNESSES.**

13. A copy of this Protective Order shall be served with a subpoena or Notice of Deposition on each third party deponent. A third party witness may designate a document as "Confidential" pursuant to this Order by stamping it with such notice prior to production or so identifying it on the record during the deposition of that third party. Either party may also designate documents produced by a third party as being "Confidential" pursuant to the terms of this Order within ten (10) days of being made aware of the content of such documents. Any document produced by a third party shall be treated as "Confidential" pursuant to the terms of this Order for such ten (10) day period and thereafter if designated as "Confidential" by either party or by the third party which produces it. The "Confidential" restrictions of this Order shall no longer apply to any documents produced by a third party which have not been designated as "Confidential" by the third party or by a party within such ten (10) day period.

**CHALLENGE TO DESIGNATION.**

14. Any party may challenge the "Confidential" designation of any document, by moving the Court for an Order allowing disclosure. The party challenging the "Confidential" designation of any document shall give all other parties at least ten (10) days notice before filing a motion with the Court and the parties shall attempt to resolve any disagreement before submitting it to the Court. If a party challenges the "Confidential" designation of a document, the document at issue shall continue to be treated as "Confidential" pursuant to the terms of this Order until such time as the Court has made a ruling with respect to the motion.

**RETURN OF DOCUMENTS.**

15. At the expiration of two years following the completion of the litigation, all Confidential Discovery Materials and copies of the same shall be destroyed or returned to counsel for the producing party with signed statement reflecting the disposition. This Order shall not terminate upon the conclusion of this action but shall continue until the further order of the Court or until the party claiming confidentiality has waived the same in writing.

**USE OF DOCUMENTS.**

16. Confidential Discovery Materials produced by any party shall not be used for any purpose except in connection with the litigation pending in the United States District Court for the District of Nebraska, Case No. 8:10cv111, *Lenore Kabasinskas, Personal Representative of the Estate of Frederic D. Kabasinskas v. William R. Haskin, individually, George W. Wesley, II, individually, US Xpress, Inc., a Tennessee corporation, and US Xpress Leasing Inc., a Tennessee corporation..* Nothing in this Order shall limit any party

or person in its use of its own documents or from disclosing its own documents and information.  This Order or production of any documents shall not affect the admissibility of any such document or be deemed a waiver of any objection to the admissibility of such documents.

**EXCEPTIONS.**

17. The restrictions embodied in this Order shall be binding on the party to whom Confidential Discovery Materials are disclosed unless and until there is a showing that:

   a. The confidential information contained in such Confidential Discovery Materials was or has become public knowledge absent a breach of this Protective Order; or

   b. The party to whom such disclosure was made had already learned such confidential information from a third party who himself has not breached any confidential relationship which may have existed or exists between such third party and the party making the disclosure.

**NON-EXCLUSIVITY.**

18. This Order does not affect the right of a party to seek to compel disclosure or production of documents or to seek an order modifying or limiting this Order in any aspect. The obligations and prohibitions under this Order are not exclusive.  All other ethical, legal and equitable obligations are unaffected by this agreement.

**WAIVER**.

19. Any waiver under this Order must be made in writing or, if at a deposition or in Court, on the record.

**ENFORCEMENT**.

20. Any party or person subject to the obligations and prohibitions of this Order who is determined by the Court to have violated its terms is subject to sanctions imposed by the Court pursuant to the laws of the State of Nebraska.

SO ORDERED this 1st day of July 2010.

BY THE COURT:


s/ F. A. Gossett
United States Magistrate Judge

Approved as to Form and Content:

s/Steven D. Davidson
Steven D. Davidson
Jennifer D. Tricker
Baird Holm LLP
1500 Woodmen Tower
1700 Farnam Street
Omaha, NE 68102

*Attorneys for Defendants*


Larry R. Demerath
Demerath Law Firm
406 N. 130th Street, Suite 101
Omaha, NE 68154

s/Justin B. Demerath
Justin B. Demerath
O'Hanlon, McCollom & Demerath
808 West Ave
Austin, TX 78701

*Attorneys for Plaintiff*

9

EXHIBIT A

### AGREEMENT CONCERNING INFORMATION COVERED BY A STIPULATED PROTECTIVE ORDER

The undersigned hereby acknowledges that s/he has read the Protective Order dated _____, 2010 with the litigation pending in the United States District Court for the District of Nebraska, Case No. 8:10cv111, *Lenore Kabasinskas, Personal Representative of the Estate of Frederic D. Kabasinskas v. William R. Haskin, individually, George W. Wesley, II, individually, US Xpress, Inc., a Tennessee corporation, and US Xpress Leasing Inc., a Tennessee corporation,* and understands its terms and agrees to be bound by each of those terms.  Specifically, and without limitation upon such terms, the undersigned agrees not to use or disclose any confidential information made available to him/her other than in accordance with said Protective Order.

Dated: _____

By: _____
   (signature line)

_____
(type or print name of individual)

OF: _____
   (name of employer)

DOCS/981935.1

10