IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LENORE KABASINSKAS, Personal Representative of the Estate of Frederic D. Kabasinskas, | ) ) ) ) | |
| Plaintiff, | ) ) | 8:10-cv-00111-LSC-FG3 |
| vs. | ) ) | ORDER |
| WILLIAM R. HASKIN, et al., | ) ) | |
| Defendants. | ) | |

Upon moving counsel's representation that opposing counsel does not object,

**IT IS ORDERED** that plaintiff's "Motion to Extend Certain Dates" (Doc. 59) is granted, and the Final Progression Order (Doc. 52) is amended, as follows:

1. Plaintiff is granted the requested 15-day extension of time, i.e., from October 15, 2010 to **November 1, 2010**, in which to file an amended complaint.

2. Paragraph 4 of the Final Progression Order (Doc. 52) is amended to provide:

> **Disclosure of Expert Witnesses.**[1] Each plaintiff, counter-claimant, and cross-claimant shall, as soon as practicable but not later than **December 17, 2010,** serve all opposing parties with the statement required by Fed. R. Civ. P. 26(a)(2) regarding each expert witness it expects to call to testify at trial pursuant to the provisions of Rule 702, 703 or 705, Fed. Rules of Evidence. Each defendant, counter-defendant, and cross-defendant shall serve its statement of the expert witnesses it expects to call to testify pursuant to Rule 702, 703 or 705, Fed. Rules of Evidence, pursuant to Fed. R. Civ. P. 26(a)(2) as soon thereafter as practicable, but not later than **February 24, 2011.** If necessary to refute the disclosed opinions of an expert witness of an opponent, a plaintiff, counter-claimant, or cross-

---

[1] A treating physician must be identified pursuant to Fed. R. Civ. P. 26(a)(2)(A), but a treating physician is not deemed to be "retained or specially employed to provide expert testimony in a case" so as to require a written report under Fed. R. Civ. P. 26(a)(2)(B).

claimant may disclose additional expert witnesses not later than **March 21, 2011**, provided that the disclosing party then provides all of the information described in Fed. R. Civ. P. 26(a)(2) and makes the expert witness available for deposition prior to the date set for completion of depositions. Supplementation of these disclosures, if originally made prior to these deadlines, shall be made on these deadlines as to any information for which supplementation is addressed in Fed. R. Civ. P. 26(e). The testimony of the expert at trial shall be limited to the information disclosed in accordance with this paragraph.

3. All other progression order deadlines remain in effect.

**DATED October 27, 2010.**

        **BY THE COURT:**

        **s/ F.A. Gossett, III**
        **United States Magistrate Judge**