IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **LENORE KABASINSKAS, Personal Representative of the Estate of Frederic D. Kabasinskas,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**WILLIAM R. HASKIN, individually, GEORGE W. WESLEY, II, individually, US XPRESS, INC., a Tennessee corporation, and US XPRESS LEASING INC., a Tennessee corporation,**<br><br>**Defendants.** | **CASE NO. 8:10CV111**<br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on the Defendants' Motion to Strike Rebuttal Experts and Motion in Limine (Filing No. 152). In the Motion, the Defendants note that the Plaintiff has listed two of the Defendants' expert witnesses as Plaintiff's "rebuttal experts." Defendants note that these experts were not timely disclosed as Plaintiff's primary experts and that "admission of their testimony during Plaintiff's case in chief would cause confusion, unfair prejudice, and would mislead the jury." (*Id.*, at 1.)

Pursuant to the Court's Progression Order of October 27, 2010, Plaintiff was required to disclose her expert witnesses not later than December 17, 2010. (Filing No. 60 ¶ 2.) On February 10, 2011, the parties jointly moved to extend certain progression deadlines, and, by Order of February 11, 2011 (Filing No. 73), the Defendants' expert witness disclosures were due by March 31, 2011. Defendants timely disclosed their expert witnesses (see Filing No. 96), and the parties moved repeatedly to extend certain progression deadlines, ultimately allowing Plaintiff until November 15, 2011, to disclose rebuttal experts (Filing No. 146). In the Plaintiff's disclosure of rebuttal expert witnesses,

Plaintiff listed two of the Defendants' experts, Lew Grill and Jeffrey Shield. (Filing No. 154-3.)

Although it is not clear from the Plaintiff's disclosure (Filing No. 154-3) that the Plaintiff has any intention of using such experts in her case in chief, Plaintiff's counsel does not deny such an intention in his brief opposing Defendants' Motion. Accordingly, the Court will rule, in limine, that no testimony of the defense experts or any portion of their reports may be used by the Plaintiff as part of her case in chief.

As the Eighth Circuit Court said in *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006):

> "The function of rebuttal testimony is to explain, repel, counteract or disprove evidence of the adverse party." *United States v. Lamoreaux*, 422 F.3d 750, 755 (8th Cir.2005) (citation omitted); *Faigin v. Kelly*, 184 F.3d 67, 85 (1st Cir.1999) ("The principal objective of rebuttal is to permit a litigant to counter new, unforeseen facts brought out in the other side's case.") (citations omitted). As such, rebuttal evidence may be used to challenge the evidence or theory of an opponent-and not to establish a case-in-chief. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 685 (5th Cir.1991) ( "Rebuttal must be kept in perspective; it is not to be used as a continuation of the case-in-chief."); see also John Henry Wigmore, Evidence in Trials at Common Law § 1873 (1976) (a district court should allow rebuttal evidence only if it is necessary to refute the opponent's case).

While the Court will not strike the Plaintiff's designation of the defense experts as "rebuttal experts," the question of whether they may be called for rebuttal will be addressed at the close of the Defendants' evidence.

Accordingly,

IT IS ORDERED:

1. The Defendants' Motion to Strike Rebuttal Experts and Motion in Limine (Filing No. 152) is granted in part, as follows: Plaintiffs are precluded, in

limine, from calling Defendants' experts Lew Grill and Jeffrey Shield or presenting any portion of their expert reports in the Plaintiff's case in chief; and

2. The Plaintiff's Objection to Defendants' Motion to Strike and Motion in Limine (Filing No. 159) is denied.[1]

DATED this 30th day of December, 2011.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

[1] See NECivR 7.0.1(b)(1)(A): "The party opposing a motion must not file an "answer," "opposition," "objection," or "response," or any similarly titled responsive pleading. Rather, the party must file a brief that concisely states the reasons for opposing the motion and cites to supporting authority."